# Third District Court of Appeal

## State of Florida

Opinion filed July 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1055
Lower Tribunal No. F14-16716
_____

**Miguel Ruiz Lobo,**
Appellant,

vs.

**State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Law Offices of Charles G. White, P.A., and Charles G. White, for appellant.

James Uthmeier, Attorney General, and Katryna Santa Cruz and Ryan P. Schelwat, Assistant Attorneys General, for appellee.

Before LOGUE, LOBREE and GOODEN, JJ.

PER CURIAM.

Appellant Miguel Ruiz Lobo challenges his convictions for first degree murder of an eleven year-old girl and armed burglary with intent to commit aggravated child abuse and/or murder. The jury voted against the death penalty, and he was subsequently sentenced to life imprisonment. On appeal, he argues the trial court abused its discretion in several ways. Finding no abuse of discretion, we affirm. See Conde v. State, 860 So. 2d 930, 939 (Fla. 2003) ("Where a prospective juror is challenged for cause on the basis of his or her views on capital punishment, the standard that a trial court must apply in determining juror competency is whether those views would prevent or substantially impair the performance of a juror's duties in accordance with the court's instructions and the juror's oath. . . . Where, as here, a prospective juror initially states that one who murders should be executed but later states that he can follow the law upon court instruction, the trial court does not abuse its discretion in denying a cause challenge."); Douglas v. State, 878 So. 2d 1246, 1255 (Fla. 2004) ("After reviewing the photographs and pertinent testimony, we conclude that the trial court did not abuse its discretion in admitting the photographs because they were relevant and not so inflammatory as to create undue prejudice in the minds of the jurors."); R.V. v. State, 388 So. 3d 952, 955 (Fla. 3d DCA 2024) ("Under these circumstances, the distinctive characteristics and content, in

2

conjunction with circumstantial evidence, were sufficient to authenticate the video. Accordingly, we discern no abuse of discretion by the trial court in admitting the video into evidence.") (citation modified); <u>Francois v. State</u>, 427 So. 3d 1150, 1154 (Fla. 3d DCA 2026) ("In context, these comments do not rise to the level of denigrating the defense. Any error was harmless considering the record and evidence in the case.").

Affirmed.